UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH SHAWN PANNELL,

                          Plaintiff,

        -against-

SCHENECTADY COUNTY JAIL SHERIFF;
DR. JOHN McPHILLIPS; CAPTAIN
CUFARI; CAPTAIN PURDY; SGT.
DEROCHIE; SGT. CATALONO,

                          Defendants.

19-CV-7905 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, currently incarcerated in Washington Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that Defendants violated his rights while he was detained

in the Schenectady County Jail. For the following reasons, this action is transferred to the United

States District Court for the Northern District of New York.

        Under the general venue provision, a federal civil action may be brought in:

        (1) a judicial district in which any defendant resides, if all defendants are residents
        of the State in which the district is located; (2) a judicial district in which a
        substantial part of the events or omissions giving rise to the claim
        occurred . . . ; or (3) if there is no district in which an action may otherwise be
        brought as provided in this section, any judicial district in which any defendant is
        subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the

person is domiciled. § 1391(c)(1). And an entity that is not a person, "whether or not

incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such

defendant is subject to the court's personal jurisdiction with respect to the civil action in

question." § 1391(c)(2).

        Plaintiff alleges that while he was detained in the Schenectady County Jail, Defendants

denied him adequate medical care for an ear infection, causing him to suffer partial hearing loss.

Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Schenectady County, which is in the Northern District of New York. *See* 28 U.S.C. § 112(a). Accordingly, venue lies in the Northern District of New York, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Northern District of New York, 28 U.S.C. § 1406(a).

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 23, 2019
        New York, New York

                                                          COLLEEN McMAHON
                                             Chief United States District Judge