UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH SHAWN PANNELL,

                        Plaintiff,

        v.                                                                     9:19-CV-1081
                                                                                 (BKS/ATB)

SCHENECTADY COUNTY SHERIFF, et al.,

                        Defendants.
_____

APPEARANCES:

JOSEPH SHAWN PANNELL
19-A-2354
Plaintiff, pro se
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, NY 12821


BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

### I.     BACKGROUND

Plaintiff Joseph Shawn Pannell commenced this action in the Southern District of New York by submitting a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis. Dkt. No. 2 ("Compl."), Dkt. No. 7 ("IFP Application").[1] By Decision and Order filed October 18, 2019, the Court granted

---

[1] On August 30, 2019, this action was transferred to the Northern District of New York, and was administratively closed on September 4, 2019, based on plaintiff's failure to comply with the filing fee requirement. Dkt. Nos. 5, 6. Plaintiff then re-filed his IFP Application, and this action was re-opened. Dkt. Nos. 7, 8.

plaintiff's IFP Application and, following review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed plaintiff's Section 1983 claims for failure to state a claim upon which relief may be granted, and granted plaintiff leave to file an amended complaint within thirty (30) days. *See* Dkt. No. 9 ("October 2019 Order").

Presently before the Court is a letter filed by plaintiff, which the Court liberally construes as a motion for reconsideration of the October 2019 Order. Dkt. No. 10 ("Motion for Reconsideration").[2]

## II.     MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).  The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[3]  Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the

---

[2] Plaintiff's Motion for Reconsideration also includes a request that the Court afford plaintiff "proper time to obtain counsel[.]" *Id*.  Plaintiff has yet to file a motion for counsel.  Moreover, there are no claims currently pending in this case.  Thus, there is no basis to delay any rulings on the basis of plaintiff's purported efforts to secure counsel.  In the event plaintiff files an amended complaint in accordance with the October 2019 Order, and it is determined that one or more asserted claims warrant a response following a sufficiency review in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court will at that time consider the merits of any future motion for counsel.

[3] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff does not suggest that there has been an intervening change in the controlling law. Nor has he presented new evidence which was not previously available. Rather, liberally construed, plaintiff argues that the Court committed a clear error of law in dismissing his Section 1983 claims without prejudice. *See* Motion for Reconsideration.

Plaintiff, however, does not point to any allegations in the complaint that the Court misconstrued, misinterpreted, or failed to consider. Instead, plaintiff incorrectly contends that the Court dismissed his claims because he failed to support them with "evidence." *See* Motion for Reconsideration. Plaintiff misunderstands the October 2019 Order.

The October 2019 Order did not dismiss plaintiff's Section 1983 claims based on plaintiff's failure to support those claims with "evidence." Rather, plaintiff's Section 1983 claims against defendants Derochie, Catalono, and the Schenectady County Sheriff were dismissed because the complaint did not contain any allegations of (1) wrongdoing by any of these officials, or (2) a policy or custom that resulted in a constitutional deprivation. *See* October 2019 Order at 6-8. In addition, plaintiff's Section 1983 claims against the remaining defendants were dismissed because the complaint did not contain specific factual allegations from which the Court could plausibly infer that one or more of these officials violated plaintiff's Fourteenth Amendment rights through providing inadequate medical care. *Id*. at 8-12.

To be clear, plaintiff was not required to submit with his original complaint any evidence in support of his claims. *See* October 2019 Order at 2-4 (discussing the legal

standard governing the Court's sufficiency review of plaintiff's complaint). Plaintiff was, however, required to plead non-conclusory allegations from which the Court could plausibly infer that one or more of the named defendants violated his constitutional rights through their actions or inactions. *See id.* As noted in the October 2019 Order, plaintiff failed to do this.

In short, after thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the October 2019 Order. Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice. Thus, plaintiff's motion for reconsideration of the October 2019 Order is denied in its entirety.

In light of his pro se status, plaintiff is granted an extension of time to comply with the October 2019 Order. Plaintiff must, within thirty (30) days of the filing date of this Decision and Order, file an amended complaint in accordance with the requirements set forth in the October 2019 Order. If plaintiff fails to timely submit an amended complaint, this action will be dismissed without prejudice without further order of the Court.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 10) is **DENIED** in all respects; and it is further

**ORDERED** that if plaintiff wishes to proceed with this action, he must file an amended complaint as explained in the October 2019 Order **within thirty days** from the filing date of this Decision and Order; and it is further

**ORDERED** that if plaintiff submits an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that if plaintiff fails to file an amended complaint **within thirty days** from the filing date of this Decision and Order, the Clerk is directed to enter Judgment indicating that this action is dismissed without prejudice, without further order of this Court; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff, along with a copy of the October 2019 Order, the original complaint, and a form Section 1983 complaint for plaintiff to use in preparing an amended complaint should he so desire.

**IT IS SO ORDERED.**

Dated: November 25, 2019
    Syracuse, NY

_____
Brenda K. Sannes
U.S. District Judge